[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2005
THOMAS  K. KAHN
CLERK

No. 04-15489
Non-Argument Calendar

_____

D. C. Docket No. 04-20235-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO DE LA CRUZ-PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

We withdraw our previous opinion and substitute this opinion in its place.

Gustavo De La Cruz-Perez appeals his 24-month concurrent sentences for

unlawful re-entry after deportation, in violation of 8 U.S.C. section 1326(a) and (b)(2), and fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. section 1546. Cruz-Perez argues that the district court erred under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), both by increasing Cruz-Perez's sentence based on previous felony drug convictions, and by treating the Sentencing Guidelines as mandatory instead of applying them in an advisory fashion. Because Booker does not apply to the use of previous convictions in sentencing and any error in the use of the Guidelines in a mandatory fashion was harmless, we affirm the district court.

Cruz-Perez pleaded guilty to both crimes. During Cruz-Perez's sentencing hearing, the district court applied a twelve-level enhancement for a previous felony conviction for drug trafficking. Cruz-Perez objected to the enhancement and argued that the court violated the Fifth and Sixth Amendments, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), because the previous conviction had neither been admitted by Cruz-Perez nor found by a jury, and had not been included in the indictment. The district court overruled the objection, sentenced Cruz-Perez to 24 months' imprisonment, and stated that the sentence would be the same if the Supreme Court held that Blakely applied to the Sentencing Guidelines. Cruz-Perez appealed.

2

Cruz-Perez argues that, under Blakely, the district court violated the Fifth and Sixth Amendment by increasing his sentence because of a previous conviction he had not admitted and that was not included in the indictment, and that we should remand for Cruz-Perez to be sentenced under the Guidelines without the twelve-level enhancement. This argument fails. In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. This conclusion was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). We concluded that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." Id.

Cruz-Perez also argued that, even if Booker did not apply to the use of previous convictions in sentencing, the district court violated Booker by finding that his previous conviction was a drug-trafficking felony. This argument also fails. In Shelton, we held that, under Almendarez-Torres, the district court did not err when it increased Shelton's sentence based on three previous crimes that were drug-related.. Id. at 1327, 1329. We made no distinction between finding a previous conviction, and finding a previous conviction to be drug-related. Id. In

3

United States v. Orduno-Mireles, we held that, under Almendarez-Torres, the district court did not err when it increased Orduno-Mireles's sentence based on a previous conviction that the court found to be a crime of violence. No. 04-12630, slip op. at 6 n.3 (11th Cir. April 6, 2005). We held that the district court did not resolve "disputed facts related to the prior conviction which were not adjudicated in the prior proceeding." Id. Because the district court did not resolve disputed facts related to Cruz-Perez's previous conviction that were not adjudicated in his previous proceeding, the district court did not err by finding that Cruz-Perez's previous conviction was a drug-trafficking felony.

Cruz-Perez also argues that, under Booker, the district court erred when it treated the Guidelines as mandatory during sentencing. It is "Booker error for the district court to sentence [a prisoner] under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. at 1330-31. We must disregard this error, however, if the error was harmless. Fed. R. Crim. P. 52(a).

"To find harmless error, we must determine that the error did not affect the substantial rights of the parties." United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998). Because the district court did not violate the Sixth Amendment, the only error was the statutory error of applying the Guidelines as mandatory.

That error is "harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance ... that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 66 S. Ct. 1239, 1248 (1946)). We recently held that, where a district court explained that it would have imposed the same sentence even if the Guidelines did not apply, the error was harmless even under the more stringent "harmless beyond a reasonable doubt" standard for constitutional error. United States v. Robles, ___ F.3d ___, 2005 WL 1083487 (11th Cir. May 10, 2005). The district court stated that even if the Supreme Court applied "the Blakely rationale" to the Guidelines, Cruz-Perez's sentence would have been the same. The Booker error was, therefore, harmless.

**AFFIRMED.**

5