[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

No. 04-13428
Non-Argument Calendar

_____

D. C. Docket No. 03-00122-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCIS MACKEY DAVISON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2005)

**SUBSTITUTED OPINION**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

The panel's opinion in this case issued on April 20, 2005. The mandate was

withheld pursuant to a request by an active judge on this Court. We <u>sua</u> <u>sponte</u> vacate our prior opinion and substitute the following opinion in its place:

Francis Mackey Davison, III, appeals his 120-month sentence, imposed after he pled guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On appeal, Davison argues that the district court erred by imposing an enhanced sentence, based on his prior state conviction for lewd conduct with a minor, because that fact was not charged in the indictment or expressly admitted by him during the plea colloquy, in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and <u>Blakely v. Washington</u>, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was extended to the federal Sentencing Guidelines in <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005).

Davison timely raised his sentencing claim in the district court and his initial brief in this Court, and thus he is entitled to preserved error review. <u>See</u> <u>United States v. Candelario</u>, 240 F.3d 1300, 1305 (11th Cir. 2001) (reviewing preserved <u>Apprendi</u> claim). Under this standard, we look first to whether there was error and, if so, we undertake a harmless error analysis. <u>Id.</u> at 1307; <u>United States v. Nealy</u>, 232 F.3d 825, 829 (11th Cir. 2000) (reviewing preserved constitutional challenge to a sentence <u>de</u> <u>novo</u>, but stating we "will reverse or remand only for harmful

error").

Upon thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts are straightforward. On November 12, 2003, by superseding indictment, Davison was charged with one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 1), and one count of receiving child pornography that was shipped or transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count 2). Davison subsequently pled guilty to Count 1 and, upon the government's motion, the district court dismissed Count 2.

The government provided the following factual basis for Davison's plea in its Notice of Penalties, Elements, and Facts ("Notice"). On August 29, 2003, Federal Bureau of Investigation ("FBI") Special Agent John Kuchta spoke with Officer Maureen Trelease, of the Florida Department of Corrections. Officer Trelease had been Davison's probation officer since Davison was released from state prison on July 17, 2001, after being convicted of committing lewd or lascivious conduct with a victim under 16 years old. Also on August 29, 2003, another FBI agent went to Davison's place of business, confirming that Davison was employed there.

Thereafter, in September 2003, a federal search warrant was executed at Davison's place of business for Davison's computer and all stored electronic information located at Davison's desk. A subsequent forensic examination of the computer revealed 23 or more movie/image files, which were chronicled in the Notice, all depicting prepubescent children engaged in sex acts. When confronted, Davison provided a full confession. The Notice indicated that the maximum term of imprisonment was 15 years.

During the plea colloquy, the district court clarified that the maximum penalty was different from what was presented in the Notice, which Davison acknowledged receiving. The district court stated that the maximum penalty was 10 years' imprisonment, but, that if Davison had certain types of prior convictions, there could be an enhancement, which would increase the imprisonment range to 10 to 20 years. At that point, the district court advised Davison that it did not know whether Davison's prior conviction qualified him for the enhancement, stating that the determination would be made at sentencing, based on the presentence investigation report ("PSI"). The district judge again reiterated that it was possible that Davison's prior conviction would result in the imposition of a sentence that carried a mandatory minimum sentence of 10 years' imprisonment. Davison replied that he understood. The district court then explained that the

Sentencing Guidelines are "[e]ssentially a set of rulings that the [c]ourt has to following in deciding what sentence should be imposed." The court further explained that the PSI had to be prepared in order to determine (1) how the Guidelines would apply to Davison's sentence, and (2) the applicable maximum penalty, which would be based, in part, on Davison's prior record. Davison acknowledged that he understood.

The government then proffered the facts supporting the charge and Davison acknowledged that the factual proffer was accurate. The district court asked Davison if he had "read the facts set forth in that [N]otice? It's several pages," to which Davison replied, "I haven't read them at length. . . . I kind of glossed over them." The court then directed Davison to review the entire factual basis contained in the Notice and indicate whether there were any portions that were not accurate. After reviewing the Notice, Davison objected to, inter alia, the specific chronicle of files stored on his computer, indicating that he could not recall the exact files, but stating that he "freely admit[ed] his guilt and that he had materials on his computer that he [knew were] in violation of the law." Davison then admitted to downloading the chronicled movies/images. Finding that Davison's plea was knowing and voluntary, the court accepted his plea of guilty. Davison then proceeded to sentencing.

The PSI calculated a total adjusted base offense level of 24 and a criminal history category III, which produced an initial sentencing range of 63 to 78 months' imprisonment. Because the statutorily required minimum sentence was greater than the applicable Guideline range, however, the probation officer found that the Guideline imprisonment range was the statutory minimum, or 120 months, under U.S.S.G. § 5G1.1(c)(2) and 18 U.S.C. § 2252(b)(2). In calculating the statutory minimum sentence, the PSI noted that, in 2000, when Davison was 26 years old, he was convicted by a Florida court of lewd or lascivious conduct with a 5-year-old girl.

At the sentencing hearing, Davison objected to imposition of the mandatory minimum sentence, arguing that because his prior conviction was not charged in the superseding indictment, it could not be used as a basis for the enhanced sentence. Davison argued that the Supreme Court's decision in Apprendi undercut its earlier decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (holding that the fact of a prior conviction need not be alleged in the indictment or submitted to the jury in order to be used to enhance a sentence). Davison asked that the district court to overrule Almendarez-Torres. The district court responded: "So you are inviting m[e] to overrule the United States Supreme Court?" to which Davison responded, "Yes." Noting that this

6

Court's precedent was clear on the issue, the district court explained that Apprendi does not require that the government allege the prior conviction in the indictment. As such, the court overruled the objection, finding no error under Apprendi.

The district court then adopted the PSI's factual statements, as well as its application of the Guidelines, noting that, "because of the mandatory minimum, that is somewhat academic." After concluding that Davison was subject to the statutory mandatory minimum sentence, the court sentenced him to 120 months' imprisonment. This appeal followed.

Davison argues that the district court erred by enhancing his sentence based on his prior conviction because that fact was not charged in the indictment, included in the government's Notice, or expressly admitted by him during the plea colloquy. In Booker, the Supreme Court held that the mandatory nature of the federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. See 543 U.S. __, 125 S. Ct. at 749-50. However, the Court left undisturbed its holding in Almendarez-Torres, that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt. See 523 U.S. at 247, 118 S. Ct. at 1233. Moreover, in its recent Booker decision, the Court again reaffirmed its holding first pronounced in Apprendi: "Any fact (other than a prior conviction), which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756 (emphasis added).

Simply put, "the Court's holding in Booker, that the Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights, is not implicated when a defendant's sentence is enhanced based on a prior conviction." United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). We have held that "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000); see also United States v. Marseille, 377 F.3d 1249, 1257 & n.14 (11th Cir.) (refusing to interpret Apprendi as overruling the prior Supreme Court decision in Almendarez-Torres, and concluding that Blakely "does not take such fact-finding out of the hands of the courts"), cert. denied, 125 S. Ct. 637 (2004). In short, the Supreme Court's decision in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker" and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Shelton, 400 F.3d 1325, 1327 (11th Cir. 2005); Orduno-Mireles, 405 F.3d at 962 (finding no Sixth Amendment violation based on 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for

8

prior convictions).

Because, after Booker, a district court still is able to rely on prior convictions in imposing sentence, and Davison admitted, during his plea colloquy, to a state conviction for lewd conduct involving a minor, the district court did not err in its resolution of Davison's constitutional sentencing claims.[1]  Accordingly, we affirm Davison's sentence.

**AFFIRMED.**

---

[1]To the extent Davison suggests he did not admit to the prior conviction, based on our review of the plea colloquy, his argument is contrary to the record.  After reviewing the Notice at the plea colloquy, Davison noted what he considered to be inaccuracies concerning the types and contents of files found on his computer.  Notably, he did not contest that he previously was convicted of lewd conduct with a minor.  Moreover, at the sentencing hearing, he did not object to the PSI's recitation of the prior conviction.  Finally, Davison acknowledged, during his plea colloquy, that the prior conviction could serve as a basis for an enhancement that would subject him to a mandatory minimum term of 10 years' imprisonment.

In imposing the statutorily mandated minimum term, the district court noted that, "because of the mandatory minimum," Davison's Apprendi argument was "somewhat academic." The district court was not operating under a mistaken assumption that the Guidelines were mandatory (rather, the sentence was mandated by statute).  Thus, Booker statutory error did not occur -- after Booker, district courts remain bound by the statutory minimums. See Shelton, 400 F.3d at 1333 n.10 ("We emphasize that the district court was, and still is, bound by the statutory minimums.").