[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 19, 2005
THOMAS K. KAHN
CLERK

No. 04-15924
Non-Argument Calendar
_____

D. C. Docket No. 04-14015-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE JAMAAL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(August 19, 2005)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Andre Jamaal Williams appeals from his 120-month sentence imposed after

he pled guilty to possession with intent to distribute five grams or more of cocaine

base, in violation of 21 U.S.C. § 841(a)(1) (Count Two).  Because prior convictions are not a separate element of an offense that the government is required to prove beyond a reasonable doubt, the district court did not err by applying 21 U.S.C. § 851 to increase Williams's sentence based on his admitted previous drug convictions.  Moreover, because Williams was sentenced to the statutory mandatory minimum sentence rather than under the federal Sentencing Guidelines, the district court did not err under United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).  Accordingly, we **AFFIRM**.

## I.  BACKGROUND

Williams was indicted for  possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two).  He pled guilty pursuant to a written plea agreement.  The government filed an information pursuant to 21 U.S.C. § 851, indicating its intention to seek an enhancement to Williams's sentence based on his prior convictions for two counts of possession and sale of cocaine.  See Admin. Papers.[1]  The information stated that the enhancement provided a mandatory minimum sentence of 10 years of imprisonment.  Williams filed no response to the information.  During the plea

---

[1] The government filed an unopposed motion to supplement the record with this document, explaining that it had not been properly docketed in the district court due to a typographical error. (See Admin. Papers, Motion dated 12 April 2005).  The clerk granted this request. Id. at 3.

colloquy, the magistrate judge informed Williams that, in accordance with paragraph two of the plea agreement, his sentence would be enhanced based upon his prior convictions for felony drug offenses. Williams conceded that he had received notice of the enhancement, and further stated that he understood and did not object.

The presentence investigation report ("PSI") calculated Williams's total offense level as 26, pursuant to U.S.S.G. § 2D1.1(a)(3), and his criminal history category as IV. The PSI noted that he previously was convicted for selling $20 worth of crack cocaine. Based on Williams's offense level and criminal history category, the guidelines range was 92 to 115 months of imprisonment. However, the PSI stated that, under U.S.S.G. § 5G1.1(b), the guideline range was 120 months of imprisonment based on the statutory minimum sentence. Williams objected to the denial of a three-level reduction in offense level for acceptance of responsibility. He also objected to the recommendation that he be sentenced as a "career offender," arguing that it would violate his Fifth and Sixth Amendment rights under Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). The probation officer noted that the PSI did not recommend that Williams be sentenced as a career offender, but instead noted that the government had filed an information pursuant to 21 U.S.C. § 851.

At the sentencing hearing, the district court granted Williams a three-level reduction for acceptance of responsibility. The district court then denied his request that he not receive the enhancement to his sentence based on his prior convictions due to the application of Blakely. The district court sentenced Williams to the statutory mandatory minimum sentence of 120 months of imprisonment.

## II. DISCUSSION

On appeal, Williams argues that the district court erred under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely[2] by enhancing his sentence based on his prior convictions, which violated his constitutional rights. He contends that the facts of his prior conviction should have been charged in the indictment. He concedes that under Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), prior convictions are excepted from the rule set forth in Apprendi. However, he further contends that the case is no longer valid.

We review preserved constitutional errors de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). If a defendant has a prior drug

---

[2] Although the Supreme Court extended Blakely to the federal Sentencing Guidelines in Booker, Williams fails to mention Booker in his arguments on appeal, despite the fact that his brief was filed two months after the Court decided the case. See Appellant's Br.; Booker, 543 U.S. __, 125 S. Ct. 738.

conviction, the mandatory minimum sentence for possession with intent to distribute five grams or more of cocaine base is 120 months of imprisonment. See 21 U.S.C. § 841(b)(1)(B). Under 21 U.S.C. § 851, a defendant denying the convictions alleged in the information filed by the government should file a written response. 21 U.S.C. § 851(c)(1). In United States v. Shelton, we noted that the sentence for a firearm count was not at issue because Shelton was sentenced to the mandatory statutory minimum. 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

As we stated in United States v. Orduno-Mireles, the Supreme Court "left undisturbed its holding in Almendarez-Torres that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt." 405 F.3d 960, 962 (11th Cir. 2005) (holding that a sentencing guidelines enhancement based on a prior conviction was properly applied and did not violate Booker); see also United States v. Camacho-Ibarquen, No. 04-11155, manuscript op. at 16-17 (11th Cir. Jun. 2, 2005) (per curiam) (rejecting plain-error Booker challenge to district court's application of a sentencing guidelines enhancement based solely on defendant's prior convictions, which Almendarez-Torres does not require to be charged and proved beyond a reasonable doubt). Moreover, we held that a district court did not err in applying sentencing enhancements based on facts admitted by the defendant. See Shelton, 400 F.3d at 1330.

5

The Apprendi/Blakely/Booker line of cases is not applicable to Williams's sentence because he received the statutory mandatory minimum of 120 months of imprisonment, rather than being sentenced under the Guidelines. See 21 U.S.C. § 841(b)(1)(B); Shelton, 400 F.3d at 1333 n.10. Moreover, even if Apprendi/Blakely/Booker were to apply, the district court did not err because (1) recidivism is not a separate element of an offense; and (2) Williams admitted to his prior convictions, through his statements at the plea hearing and by failing to challenge them in the information or in the PSI. See Orduno-Mireles, 405 F.3d at 962; Shelton, 400 F.3d at 1330.

### III. CONCLUSION

Because prior convictions are not a separate element of an offense that the government is required to prove beyond a reasonable doubt, the district court did not err by applying 21 U.S.C. § 851 to increase Williams's sentence, based on his admitted previous drug convictions. Moreover, because Williams was sentenced to the statutory mandatory minimum sentence rather than under the federal Guidelines, the district court did not err under Booker. Accordingly, we **AFFIRM**.