[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15514
Non-Argument Calendar
_____

D. C. Docket No. 04-00042-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL CLEMENTE-PALOMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 26, 2005)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ismael Clemente-Paloma, a Mexican citizen, appeals his 41-month sentence

for illegally re-entering the United States.  See 8 U.S.C. §§ 1326(a) & (b)(1).

Although the district court did not err when it enhanced his sentence based on a

previous conviction for a crime of violence, the court erred under United States v.

Booker, 543 U.S. __, 125 S. Ct. 738 (2005), when it sentenced Clemente-Paloma

under a mandatory guidelines scheme.  Because, as the government concedes, the

statutory error was not harmless, we vacate and remand for resentencing.

## I.  BACKGROUND

Clemente-Paloma was convicted under Florida law of unlawful sexual

activity with a minor, placed on five years probation, and removed from the United

States.  Clemente-Paloma later re-entered the United States, was arrested for a

probation violation, and was then arrested and charged with illegal re-entry into the

United States.  Clemente-Paloma pleaded guilty to illegal re-entry.

At the sentencing hearing, Clemente-Paloma objected to the

recommendation of the Presentence Investigation Report that his base offense level

be enhanced by 16 levels because his previous crime was a crime of violence.  The

district court overruled the objection, concluded that the sexual activity with a

minor was a crime of violence, and applied the 16-level enhancement.  Clemente-

Paloma also argued that the enhancement violated the Fifth and Sixth

Amendments.  The district court sentenced Clemente-Paloma to 41 months of

2

imprisonment, the low end of the guideline range, followed by 3 years of supervised release.

## II. DISCUSSION

Clemente-Paloma makes two arguments on appeal. He first asserts that the district court erred when it applied the 16-level enhancement under section 2L1.2 of the Sentencing Guidelines because he contends that his previous conviction was not a crime of violence. Clemente-Paloma next argues that the district court erred under Booker when it enhanced his sentence, under a mandatory guideline scheme, based on facts that were not proved to a jury beyond a reasonable doubt. We address each argument in turn.

### A. Crime of Violence

We review de novo a determination by the district court that a previous conviction qualifies as a crime of violence under section 2L1.2(b)(1)(A) of the Sentencing Guidelines. United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005). The guidelines state that, if a defendant was previously deported after a conviction for a felony that is a crime of violence, his offense level is increased by 16 levels. U.S.S.G. § 2L1.2(b)(1)(A). Clemente-Paloma argues that the district court erred because his conviction for unlawful sexual activity with a minor is not a crime of violence.

3

Our precedent clearly forecloses Clemente-Paloma's argument. In Orduno-Mireles, we concluded that a "felony conviction for unlawful sexual activity with certain minors qualifies as a crime of violence within the Guideline definition, either as sexual abuse of a minor or statutory rape." Orduno-Mireles, 405 F.3d at 961. The district court did not err when it enhanced Clemente-Paloma's sentence based on his previous conviction for unlawful sexual activity with a minor. See id. at 961-62.

### B. Booker *Error*

Clemente-Paloma also argues that the district court erred under Booker when it enhanced his sentence under a mandatory guidelines scheme based on facts that were not proved to a jury beyond a reasonable doubt. We have explained that there are two kinds of sentencing errors based on Booker: the first is called constitutional error, because"the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury," United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005) (citations omitted); and the second is called statutory error, because "[a]s a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed

4

to advisory." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Because Clemente-Paloma raised in the district court both constitutional and statutory error under Booker, we review his objections for harmless error. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). Each kind of Booker error requires a different standard of review to determine whether the error was harmless. Booker constitutional error is harmless when the government can show, beyond a reasonable doubt, that error did not contribute to the ultimate sentence. Id. at 1292. Booker statutory error is subject to a less demanding test. Id. A statutory error is harmless if, viewing the proceedings in their entirety, the error did not affect the sentence or had only a "very slight effect." Id. If the sentence was not "substantially swayed" by the error, then the sentence should be affirmed in spite of the error. Id.

The district court did not commit constitutional error under Booker when it enhanced Clemente-Paloma's sentence based on his previous conviction for unlawful sexual activity with a minor. In Almendarez-Torres v. United States, 523 U.S. 224 118 S. Ct. 1219 (1997), the Supreme Court concluded that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt. 523 U.S. at 247, 118 S. Ct. at 1232-33. Booker specifically excepted previous convictions from its holding. See Booker, 543 U.S.

5

at __, 125 S. Ct. at 756. We have concluded that the Supreme Court left its holding in Almendarez-Torres undisturbed, and Almendarez-Torres remains good law and binding precedent until the Supreme Court decides otherwise. See Orduno-Mireles, 405 F.3d at 962-63 (11th Cir. 2005); Shelton, 400 F.3d at 1329.

Although there was no constitutional error, the district court erred when it sentenced Clemente-Paloma under a mandatory guidelines system. See Shelton, 400 F.3d at 1330-31. The government concedes that it cannot prove that the error did not affect Clemente-Paloma's sentence, and there is nothing in the record to suggest that had the district court known the guidelines were advisory, the district court would have imposed the same sentence. The statutory error, therefore, was not harmless.

## III. CONCLUSION

The district court did not err when it enhanced Clemente-Paloma's sentence based on a previous conviction for a crime of violence. The district court erred when it sentenced Clemente-Paloma under a mandatory guidelines scheme. Because the statutory error was not harmless, we vacate and remand for resentencing.

**VACATED AND REMANDED.**