[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13885

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00021-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO NAVARETTE-MELENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 13, 2005)**

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Reynaldo Navarette-Melendez appeals his sentence for illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326. Navarette-Melendez asserts the district court erred by sentencing him under a mandatory Guidelines system. *United States v. Booker*, 125 S. Ct. 738 (2005). We vacate Navarette-Melendez's sentence and remand for resentencing under *Booker*.

Navarette-Melendez was charged with one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326. A jury found him guilty as charged. Navarette-Melendez's base offense level was 8, pursuant to U.S.S.G. § 2L1.2. Due to a previous deportation and drug trafficking conviction, which resulted in a sentence exceeding 13 months, Navarette-Melendez's total offense level included a 16-level enhancement under § 2L1.2(b)(1)(A)(i). Accordingly, Navarette-Melendez's total offense level was 24. His criminal history category was IV, based on various prior convictions. With a total offense level of 24, and a criminal history category of IV, his Guidelines range was 77 to 96 months imprisonment.

Navarette-Melendez objected pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), challenging his 16-level enhancement and arguing the jury should have decided the question of whether his prior conviction met the definition of a drug trafficking offense. At the sentencing hearing, Navarette-Melendez renewed

his objection, which the district court overruled. The district judge sentenced Navarette-Melendez to 77 months' imprisonment and 3 years' supervised release.

Because Navarette-Melendez objected in the district court, we review his sentence de novo, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have established there are two types of error under *Booker*: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements, imposed in a mandatory Guidelines system and neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

In his supplemental brief, Navarette-Melendez concedes there is no constitutional error, because a district court does not err in relying on prior convictions to enhance a defendant's sentence. *See United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005). Instead, he asserts the district court committed statutory error when it sentenced him under a mandatory Guidelines system.

Statutory error exists where the district court imposes a sentence under a mandatory Guidelines system. *See Shelton*, 400 F.3d at 1330–31. The district

court sentenced Navarette-Melendez under a mandatory Guidelines system; thus, statutory error exists. *See id.*

Such statutory error is harmless if, "viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." *United States v. Hornaday*, 392 F.3d 1306, 1315–16 (11th Cir. 2004) (citations omitted) (quoting *Kotteakos v. United States*, 66 S. Ct. 1239, 1246, 1248 (1946)). It is the Government's burden to show the error was harmless. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005).

The Government has not met its burden. The district court sentenced Navarette-Melendez to the bottom of the Guidelines range, and the record is silent as to what the district court would have done if it had treated the Guidelines as advisory. We cannot say with fair assurance the error did not substantially sway the sentence. Therefore, we vacate Navarette-Melendez's sentence and remand for resentencing in light of *Booker*.

We note the district court correctly calculated Navarette-Melendez's Guidelines range of 77 to 96 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district

4

courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand the district court is required to sentence Navarette-Melendez according to *Booker*, considering the Guidelines advisory range of 77 to 96 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.[1]

   **VACATED AND REMANDED**.

---

[1] We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold the Government did not meet its burden of showing the statutory error was harmless. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.