**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

**No. 05-11104**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00031-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL VALIENTE-GALLARDO,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(January 3, 2006)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Noel Valiente-Gallardo appeals his sentence for illegally re-entering the United States after previous deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Valiente-Gallardo asserts the district court violated his Fifth and Sixth Amendment rights by (1) finding him to be an aggravated felon pursuant to 8 U.S.C. § 1326(b)(2), and increasing his statutory maximum sentence from 2 years to 20 years; (2) applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on his prior conviction for a crime of violence; and (3) sentencing him based upon a criminal history category of IV. Specifically, Valiente-Gallardo contends his Fifth Amendment rights were violated because his prior convictions were not included in the indictment, and his Sixth Amendment rights were violated because his prior convictions were not proven beyond a reasonable doubt or admitted by him. The district court did not err, and we affirm.

We review a defendant's preserved constitutional challenges to his sentence de novo but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). Sentences imposed after *United States v. Booker*, 125

S. Ct. 738 (2005), are reviewed for reasonableness.[1] *United States v. Winingear*,

422 F.3d 1241, 1244 (11th Cir. 2005).

"In *Almendarez-Torres v. United States*, [118 S. Ct. 1219 (1998)] the

Supreme Court held that the government need not allege in its indictment and need

not prove beyond a reasonable doubt that a defendant had prior convictions for a

district court to use those convictions for purposes of enhancing a sentence."

*United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.), *cert. denied*, 125 S.

Ct. 637 (2004). We have recently clarified the Supreme Court's decision in

*Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*."

*United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). In *United States*

*v. Camacho-Ibarquen*, we held a district court's application of § 2L1.2(b)(1)(A)

based on prior convictions did not violate a defendant's Sixth Amendment rights.

410 F.3d 1307, 1316 n.3 (11th Cir.), *cert. denied*, 126 S. Ct.457 (2005). Recently,

we reaffirmed *Almendarez-Torres* remains good law after *Booker*, holding

"because the prior-conviction exception remains undisturbed after *Booker*, a

district court does not err by relying on prior convictions to enhance a defendant's

---

[1] Valiente-Gallardo does not challenge the reasonableness of his sentence. Thus, we will only consider his Fifth and Sixth Amendment challenges.

sentence." *United State v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir.), *cert. denied*, 126 S. Ct. 223 (2005).

As for Valiente-Gallardo's Fifth Amendment claims, based upon the holding in *Almendarez-Torres*, the indictment need not include prior convictions in order for the district court to use those convictions for sentencing purposes. *See Marseille*, 377 F.3d at 1257. Accordingly, Valiente-Gallardo's Fifth Amendment claims fail. As for Valiente-Gallardo's Sixth Amendment claims, the district court did not violate his Sixth Amendment rights in light of *Booker* because the court applied the Guidelines as advisory. 125 S. Ct. at 749–56. Furthermore, even if the district court had applied the Guidelines as mandatory, prior convictions need not be proven beyond a reasonable doubt in order to be used for sentencing purposes, and Valiente-Gallardo's criminal history category and the imposition of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) did not implicate *Booker* because they merely involved a determination that Valiente-Gallardo had prior convictions. *See Camacho-Ibarquen*, 410 F.3d at 1315–16; *Orduno-Mireles*, 405 F.3d at 962. Thus, Valiente-Gallardo's Sixth Amendment claims also fail.

**AFFIRMED.**