[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

No. 05-11690
Non-Argument Calendar

_____

D. C. Docket No. 04-00090-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY BATTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 24, 2006)**

Before ANDERSON, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Larry Battle ("Battle") appeals his 180-month sentence, imposed after he

pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). On appeal, Battle asserts that his indictment contained no allegations regarding the nature of his prior criminal offenses – in particular, the indictment did not allege that the offenses satisfied the requirements of § 924(e). Battle further alleges that the fact of a prior conviction is an element of the offense that must be included in the indictment and proved to the jury. Battle notes that his position conflicts with our recent decision in United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005), that the Sixth Amendment is not implicated when a defendant's sentence is enhanced on the basis of prior convictions. He states that he nevertheless seeks to preserve this issue in order to raise it at the appropriate time.

As an initial matter, Battle does not dispute the calculation of the armed career criminal provision as a violation of the guidelines in his initial brief on appeal. Rather, he argues only that the imposition of the enhancements violated his Sixth Amendment rights and contradicted the Supreme Court's holding in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Accordingly, we need not address the imposition of the enhancement, as any argument in this regard has been abandoned. See United States v. Duncan, 400 F.3d 1297, 1300 n.1 (11th Cir. 2005), cert. denied, No. 05-5467 (U.S. Oct. 11,

2

2005).

Because Battle raised a <u>Booker</u> objection at his sentencing, we review the issue <u>de novo</u>, and we will reverse "only if any error was harmful." <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). In <u>Booker</u>, the Supreme Court held that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 749-51. The Court explicitly reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id.</u> at ___, 125 S.Ct. at 756. After <u>Booker</u>, the Guidelines range is now advisory and no longer dictates the final sentencing result, but it is an important sentencing factor that the sentencing court should consider, along with the factors contained in 18 U.S.C. § 3553(a). <u>Id.</u> at 764-65. We have explained that there are two types of <u>Booker</u> error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt that are binding on the sentencing judge; and (2) statutory error based upon sentencing under a mandatory Guidelines system. <u>United States v. Shelton</u>, 400 F.3d 1325, 1329-30 (11th Cir. 2005).

3

In Almendarez-Torres v. United States, the Supreme Court held that the government is not required to allege in its indictment, nor must it prove beyond a reasonable doubt, that a defendant had prior convictions in order for a district court to properly use those convictions to enhance a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S.Ct. 1219, 1233, 140 L.Ed 2d 350 (1998). After Booker, we held that the decision in Almendarez-Torres was "left undisturbed by Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)], Blakely [v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)] , and Booker," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." Shelton, 400 F.3d at 1329.

Recently, in Shepard v United States, the Supreme Court reaffirmed the "categorical" approach to establishing a predicate prior conviction for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and held that, when the prior state conviction resulted from a guilty plea, federal sentencing courts making the career-offender determination may only consider the terms of the charging document, the terms of a plea agreement, the transcript of a plea colloquy with the judge during which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information, but not other underlying

4

documents such as police reports. Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 1259-1263, 161 L.Ed.2d 205 (2005). In a separate section, a plurality of the Court explained that, while a disputed fact as to whether a burglary was a violent felony for purposes of the Act because it was committed in a building or enclosed space ("generic burglary") could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Id. at __, 125 S.Ct. at 1262. After Shepard, we have held that Almendarez-Torres remains good law. See, e.g., United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005) and United States v. Orduno-Mireles, 405 F.3d 962 (2005), cert. denied, 126 S.Ct. 223 (2005).

Here, Battle's sentencing hearing occurred after the Supreme Court's decision in Booker. Accordingly, there was no statutory Booker error here, as Battle's sentence was imposed under an advisory guidelines scheme. Furthermore, the § 924(e) enhancement was appropriately applied. Insofar as the district court's enhancement of Battle's offense level under § 924(e) and U.S.S.G § 4B1.4 merely involved determinations that he had prior qualifying convictions, the enhancement

5

did not implicate the Booker line of cases, as those cases clearly exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentence enhancement. Moreover, we have indicated that, until the Supreme Court holds otherwise, Almendarez-Torres remains good law. See e.g., Orduno-Mireles, 405 F.3d at 963. The Supreme Court's decisions in Booker and Shepard have not overruled its previous holding in Almendarez-Torres that prior convictions may be considered in enhancing sentences. Thus, after Booker, a judge still is able to impose enhancements on the basis of a defendant's prior convictions.

Battle also argues that the district court violated Shepard v. United States, 125 U.S. 1254 (2005), by characterizing his prior convictions as "serious drug offenses" under § 924(e). However, we conclude that Battle's argument is without merit because there were no disputed issues with respect to Battle's prior drug offenses. Battle conceded at his change-of-plea hearing that he had been convicted of the necessary predicate offenses for the enhancement. Moreover, he did not object to the descriptions of the prior convictions in the presentence investigation report ("PSI"), and, thus, these facts should be deemed "admitted" for Booker purposes. See Shelton, 400 F.3d at 1330 (holding that a defendant admits to the PSI's factual statements about his relevant conduct where he raises no objections to

6

those statements).

After the district court determined that § 924(e) was applicable here, it sentenced Battle to the statutory mandatory minimum sentence of 15 years or 180 months of imprisonment. This sentence was appropriate, because, post-<u>Booker</u>, district courts remain bound by statutory mandatory minimum sentences. <u>See</u> <u>Shelton</u>, 400 F.3d at 1333 n.10. Thus, we affirm Battle's sentence.

**AFFIRMED.**