[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12630
Non-Argument Calendar
_____

D. C. Docket No. 03-00216-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ORDUNO-MIRELES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 6, 2005)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Miguel Orduno-Mireles appeals his 46-month sentence, imposed after he

pled guilty to illegally reentering the United States after being deported subsequent

to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he presents the following arguments: (1) the district court erred when it found that he previously was deported after a conviction for a felony that is a "crime of violence," thus qualifying him for a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), and (2) the § 2L1.2(b)(1)(A) enhancement was unconstitutional because it was based on facts that were neither charged in his indictment nor proven to a jury, in violation of Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was extended to the federal Sentencing Guidelines recently in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

We review de novo a district court's determination that a prior conviction qualifies as a crime of violence for purposes of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A). United States v. Wilson, 392 F.3d 1243, 1245 (11th Cir. 2004). As for Orduno-Mireles's Blakely/Booker argument, since he raises it for the first time of appeal, we review the issue only for plain error. See United States v. Olano, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (applying plain error review to newly raised Blakely/Booker claim). We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error

2

affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and therefore we affirm.

First, Orduno-Mireles argues that neither of his two prior felony convictions, one for unlawful sexual activity with certain minors and the other for burglary of a dwelling, can be used to support the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because the crimes do not qualify as "crimes of violence." Under the Sentencing Guidelines, when sentencing a defendant convicted of illegal reentry, the district court can enhance the defendant's base offense level by 16 levels if "the defendant previously was deported . . . after . . . (A) a conviction for a felony that is . . . a crime of violence . . . ." U.S.S.G. § 2L1.2(b)(1). A "crime of violence" is defined as including:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. at comment. (n.1(B)(iii)) (emphasis added).

3

Because Orduno-Mireles's felony conviction for unlawful sexual activity with certain minors qualifies as a crime of violence within the Guidelines definition, either as sexual abuse of a minor or statutory rape, the district court did not err in applying the 16-level enhancement.[1] Moreover, the definition of "prior crime of violence" unambiguously includes the burglary of a dwelling. Accordingly, either of Orduno-Mireles's prior felony convictions supported the district court's imposition of the U.S.S.G. § 2L1.2(b)(1)(A) enhancement.[2]

We are likewise unpersuaded by Orduno-Mireles's second argument, his Blakely (now Booker) claim that the enhancement of his sentence was based on a

---

[1] We are not persuaded by Orduno-Mireles's novel argument that since he successfully got this conviction vacated after illegally returning to the United States, the offense should not count for purposes of the § 2L1.2(b)(1)(A) enhancement. By its plain language, the Guideline's relevant time period is the time of deportation, not the time of sentencing for an illegal reentry conviction. In other words, it is true that Orduno-Mireles "previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence," regardless of what happened after his deportation. Our reading of the Guideline is consistent with our sister circuits' treatment of this argument. See, e.g., United States v. Garcia-Lopez, 375 F.3d 586, 588 (7th Cir. 2004) ("[T]he appropriate inquiry is whether the defendant had been convicted of a crime of violence at the time of deportation. Nothing in the guideline suggests that the analysis should consider whether the conviction has been vacated subsequent to the deportation but prior to the sentencing for the reentry offense."); United States v. Luna-Diaz, 222 F.3d 1, 4 (1st Cir. 2000) ("[T]he relevant time is the time of deportation . . . and not the time of sentencing. . . . The guideline . . . is in the past tense, which suggests that the present status of the aggravated felony conviction is irrelevant."); United States v. Cisneros-Cabrera, 110 F.3d 746, 748 (10th Cir. 1997) (holding that being "deported after a conviction for an aggravated felony" is all that is required, and it is irrelevant whether the conviction is valid at the time of sentencing).

[2] The district court did not indicate which prior conviction it considered to support the 16-level enhancement. Although we have addressed both, we note that the U.S.S.G. § 2L1.2(b)(1)(A) requires only one prior felony conviction that is for a crime of violence.

4

fact that must either be submitted to a jury and found beyond a reasonable doubt, or admitted by the defendant. In Booker, the Supreme Court held that the mandatory nature of the federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. See 543 U.S. __, 125 S. Ct. at 749-50. However, the Court left undisturbed its holding in Almendarez-Torres v. United States, that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt. See 523 U.S. 224, 247, 118 S. Ct. 1219, 1233, 140 L. Ed. 2d 350 (1998). In Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Court similarly declined to revisit Almendarez-Torres. Id. at 489-90, 120 S. Ct. at 2362; see also United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001) (observing that Apprendi specifically excluded the fact of a prior conviction from its holding and affirming 18 U.S.C. § 924(e)(1)-enhanced sentence, pursuant to Almendarez-Torres).

Moreover, in its recent Booker decision, the Court again reaffirmed its holding first pronounced in Apprendi: "Any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756

5

(emphasis added). The reason for the exception for prior convictions is clear: "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249, 119 S. Ct. 1215, 1227, 143 L. Ed. 2d 311 (1999). Thus, the Court's holding in Booker, that the Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights, is not implicated when a defendant's sentence is enhanced based on a prior conviction. Put another way, because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence.[3]

We have held that "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000); see also United States v. Marseille, 377 F.3d 1249, 1257 & n.14 (11th Cir.) (refusing to interpret Apprendi as overruling the prior Supreme Court decision in Almendarez-Torres, and concluding that Blakely "does not take such fact-finding out of the hands of

_____

[3] The Supreme Court's recent decision in Shepard v. United States,--- U.S. ---, 2005 WL 516494 (Mar. 7, 2005), does not change our analysis in this case. Orduno-Mireles does not contend, and our own de novo review of the record does not reveal, that the district court resolved disputed facts related to the prior conviction which were not adjudicated in the prior proceeding. Id. at *8. ("While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute.").

6

the courts"), cert. denied, 125 S. Ct. 637 (2004); Thomas, 242 F.3d at 1034-35

(refusing to reconsider the holding of Almendarez-Torres in the light of Apprendi

because of the "very basic fact that we cannot overrule Supreme Court decisions").

In short, we can find no plain error on this basis.[4]

---

[4] Orduno-Mireles was sentenced under the pre-Booker mandatory Sentencing Guidelines. We have found the first two prongs of the plain-error test satisfied, even in the absence of a Sixth Amendment violation, where a defendant was sentenced under the pre-Booker mandatory sentencing scheme by a district court that considered the Guidelines binding as opposed to advisory. United States v. Shelton,--- F. 3d ---, 2005 WL 435120, at *5 (11th Cir. Feb. 25, 2005). In Shelton, the defendant also satisfied the "exceedingly difficult" third prong, which requires a defendant to show "'a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case.'" Id. at *6 (quoting Rodriguez, 398 F.3d at 1299). Put another way, to establish that the error affected substantial rights in that it was prejudicial and not harmless, as required under the third prong of the plain-error test, Chisholm, 73 F.3d at 307, a defendant must "satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Dominguez Benitez, --- U.S. ---, 124 S. Ct. 2333, 2340 (2004) (internal citations and quotation marks omitted).

Shelton carried his burden on the third prong by pointing to the following: (1) during sentencing, the district court stated, numerous times, that the Guidelines sentence seems "too severe"; and (2) the district court sentenced him to the lowest possible sentence under the Guidelines. We were convinced "that there is a reasonable probability the district court would have imposed a lesser sentence in Shelton's case if it had not felt bound by the Guidelines." 2005 WL 435120, at *6. We also found the fourth prong satisfied in light of the district court's "express desire to impose a sentence lesser than the low end of the Guidelines range" and the Supreme Court's decision in Booker "plainly indicated that the district court now has the discretion to do so, provided the resulting sentence is reasonable in light of the § 3553(a) factors." Id. at *7.

As for non-constitutional Booker plain error, we reach the opposite conclusion on the third prong in the instant case. Orduno-Mireles does not suggest, and our own thorough review of the record, including the sentencing transcript and the PSI, does not indicate that the district court would have imposed a lesser sentence, even if it could have. The district court did not say that the sentence was too severe, as the court did in Shelton; indeed, in denying Orduno-Mireles's motion for a downward departure, the court observed: "Your history and the way you lived your life is why I'm denying your motion for downward departure. . . .  Your criminal history speaks more clearly on actions than mere words." On this record, Orduno-Mireles has not shown a reasonable probability of a different result if the Guidelines had been applied in an advisory instead of binding fashion, as required to satisfy the third prong of non-constitutional Booker plain error.

7

Accordingly, the district court did not err when it enhanced Orduno-Mireles's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**