[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2005
THOMAS K. KAHN
CLERK**

No. 04-13009
Non-Argument Calendar

_____

D. C. Docket No. 02-20130-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY CANNON,
a.k.a. Uncle Troy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Troy Cannon appeals his conviction and life sentence for conspiracy to

possess with intent to deliver five kilograms or more of cocaine, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(A)(ii).

On appeal, Cannon first argues that he is entitled to a new trial as a result of the court reporter's failure to transcribe audio excerpts played for the jury during his trial. Next, Cannon contends that the district court erred by admitting prejudicial testimony from officers and Cannon's co-conspirators; lay opinion testimony regarding code words used in intercepted conversations; and wiretap evidence. Finally, Cannon claims that the district court erred under *United States v. Booker*, 543 U.S. at ___, 125 S. Ct. 738 (2005), in sentencing Cannon to life imprisonment.

A jury found Cannon guilty of conspiring to possess with intent to deliver five kilograms or more of cocaine pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii). According to the presentence investigation report, after various enhancements, Cannon had a total offense level of 38 and a criminal history category of VI. This resulted in a guideline imprisonment range of 360 months to life imprisonment. The government sought a mandatory life imprisonment enhancement under 21 U.S.C. § 841(b) based on Cannon's prior felony drug-related convictions. The district court sentenced Cannon to life imprisonment, the statutory minimum. Finding no error, we affirm Cannon's conviction and life sentence.

I.

Cannon first argues that he should be granted a new trial because the district court failed to record his entire trial proceedings and that the unrecorded portions of the trial, intercepted calls played during his trial, were of great importance. Cannon contends that these omissions were substantial and significant, and that because the court reporter did not comply with the Court Reporter Act, 28 U.S.C. § 753(b), a new trial is warranted.

Section 753(b) of the Court Reporter Act requires that a reporter "record[] verbatim by shorthand [or] by mechanical means . . . (1) all proceedings in criminal cases had in open court . . . ." 28 U.S.C. § 753(b). "A criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." *United States v. Cashwell*, 950 F.2d 699, 703 (11th Cir. 1992). Further, "if a new attorney represents the appellant on appeal, a new trial is necessary if there is a substantial and significant omission from the trial transcript." *United States v. Charles*, 313 F.3d 1278, 1283 (11th Cir. 2002). Thus, we review Cannon's claim of entitlement to a new trial for whether there are "substantial or significant" omissions from the record. *United States v. Preciado-Cordobas*, 981 F.2d 1206, 1212 (11th Cir. 1993).

In determining whether omissions from the record meet the "substantial and significant" requirement, we examine the extent of the missing portions of the

transcripts as they relate to the remaining portions of the trial as well as the likelihood that appealable error occurred during the omitted portions of the trial. *Id*. at 1213-14. We have previously held that there can be no substantial and significant omissions from a record if, taken as a whole, the record affords effective appellate review. *Cashwell*, 950 F.2d at 704.

We find that, although the court reporter failed to comply with the Court Reporter Act, Cannon has not illustrated that the record omissions are substantial and significant. Thus Cannon is not entitled to a new trial. Cannon and the government both played recordings during the trial, none of which were transcribed by the court reporter. However, the audio and transcripts that the government used at trial were provided to us in the supplemental record. Since we have held that such evidence is an adequate alternative to a verbatim transcript, the omissions of which Cannon complains cannot be said to be substantial. *See Charles*, 313 F.3d at 1283.[1] Thus, we find that Cannon has not successfully shown that the record omissions were substantial or significant. The record, including the supplements by the government, affords effective appellate review.

---

[1] The recordings played by Cannon remain missing from the record. However, other trial testimony reveals that Cannon was not a speaker in these excerpts, nor was he mentioned in them. Further, Cannon has not established in what way these omissions are significant and substantial. Additionally, there is no real likelihood that any appealable error occurred in the portions of this evidence, as it was evidence offered by Cannon.

*See Cashwell*, 950 F.2d at 703.  Accordingly, we deny Cannon's request for a new trial.

## II.

Cannon next argues that his trial was replete with evidentiary errors. Cannon claims the district court erred: by allowing lay opinion testimony by the case agents on the meaning of intercepted conversation; by allowing an unfair picture to be painted of him; and by allowing wiretap evidence.

We review a district court's evidentiary rulings for a clear abuse of discretion, and will reverse only if the district court committed clear error or applied the wrong legal standard.  *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005), *cert. petition filed*, No. 04-1438 (U.S. Apr. 15, 2005).  We have held that "[e]videntiary errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights."  *Id.* (internal quotations omitted).  Further, reversal is not warranted "where an error had no substantial influence on the outcome [of the case]," and the outcome is supported by "sufficient evidence uninfected by error."  *Id*.

When a defendant does not object to the district court's evidentiary rulings below, we review for plain error.  *United States v. Williford*, 764 F.2d 1493, 1502 (11th Cir. 1985).  We may not correct an error that the defendant failed to raise in

district court unless there is (1) error (2) that is plain and (3) that affects substantial rights and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert denied*, 125 S. Ct. 2935 (2005).

A. Prejudicial Testimony

Cannon asserts that the district court erred in admitting prejudicial testimony of the officers that arrested Cannon as well as Cannon's co-conspirators. Cannon objected to this evidence at trial, so we review for abuse of discretion. *Drury*, 396 F.3d at 1315.

"Federal Rule of Evidence 403 dictates that evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004), *cert denied*, 125 S. Ct. 1751 (2005). "Rule 403, however, is an extraordinary remedy . . . which should be used sparingly since it permits the trial court to exclude concededly probative evidence." *Id*. (internal quotations omitted).

We conclude that the district court did not abuse its discretion in admitting the testimony of the arresting officers as well as that of Cannon's co-conspirators. The evidence at issue was important in establishing the background and experiences of the officers and was necessary in establishing the story of the

6

conspiracy.  The prejudicial effect of this testimony was slight and was substantially outweighed by its probative value.

Additionally, the district court did not abuse its discretion by allowing evidence of Cannon's prior drug dealings.  Evidence of past wrongdoing is inadmissible to prove a person's character in an effort to show conformity therewith.  Fed. R. Evid. 404(b).  Further, evidence is not extrinsic under 404(b) if it is inextricably intertwined with evidence regarding the charged offense.  *Wright*, 392 F.3d at 1276.  Morever, evidence that is not related to the crime charged but is a part of the same chain of events and helps to explain the context of the crime at issue is properly admitted.  *Id*.  However, such evidence must be "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime to complete the story of the crime from the jury."  *Id*. (internal quotations omitted).

Here, the district court did not improperly admit the testimony of Cannon's co-conspirators.  This evidence was admitted because the information was integral in completing the story of the conspiracy.  *See id.*  The testimony established the manner in which Cannon came to join the conspiracy and described the operations of the conspiracy.  The information gleaned from this testimony provided the setting of the conspiracy and completed the story for the jury.  We conclude that

7

the testimony was properly admitted as it was inextricably intertwined with evidence of the conspiracy. *See id.*

B. Lay Opinion Testimony

Cannon next contends that the district court improperly permitted agents to testify regarding the code words used for drugs and quantities because the testimony constituted expert testimony without a proper foundation.

Cannon did not raise this objection below, so we review only for plain error. *Williford*, 764 F.2d at 1502. We have long held that the nature of the law enforcement testimony presented in this case is admissible. *See United States v. Novaton*, 271 F.3d 968, 1008 (11th Cir. 2001). Further, our precedent establishes that officers can testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field." *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003). Thus, we conclude that the district court did not plainly err in allowing the officers to testify regarding various code words for drugs and quantities based on their field of expertise.

C. Wiretap Evidence

The final evidentiary argument raised by Cannon is that the district court erred by admitting unreasonable wiretap evidence. Cannon claims that the

government had not exhausted other investigatory tools prior to seeking wiretap authorizations, and therefore, that the wiretap was unreasonable. This objection was raised below, so we review for an abuse of discretion. *Drury*, 396 F.3d at 1315.

To establish the necessity for a wiretap, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried . . . ." must be provided. 18 U.S.C. § 2518(1)(c). The affidavit for the application or interception of a wire communication "must simply explain the retroactive or prospective failure of several investigative techniques . . . ." *United States v. Van Horn*, 789 F.2d 1492, 1496 (11th Cir. 1986).

After reviewing the record, we find that the district court did not abuse its discretion in admitting the wiretap evidence. The affidavit presented was sufficient in that it established: various detailed investigative tools and techniques used during the course of the investigation; explained why previously tried techniques were unsuccessful; and detailed techniques other than the use of a wiretap that had not been used because they were either unlikely to succeed or too dangerous to implement. Since the affidavit in this case sufficiently and adequately illustrated the necessity of the wiretap, Cannon's argument that the

wiretap was unreasonable fails. Accordingly, the district court did not abuse its discretion in admitting the wiretap evidence.

## III.

Finally, Cannon argues that his life prison term must be reversed under *United States v. Booker*, 543 U.S. at ___, 125 S. Ct. 738 (2005). Cannon contends that the district court plainly erred in sentencing him to life imprisonment under a mandatory guidelines scheme. Specifically, Cannon disputes the district court's use of his prior convictions in determining the mandatory minimum life sentence pursuant to § 841(b). However, after reviewing the record and the parties' briefs, we conclude that there is no *Booker* error because the district court sentenced Cannon to the mandatory minimum term as provided by statute. Section 841(b)(1)(A) provides the applicable penalty for possession with intent to distribute five kilograms or more of a mixture or substance containing cocaine, and indicates that a person committing this offense "after two or more prior convictions for a felony drug offense have become final, . . . shall be sentenced to a mandatory term of life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A).

Cannon did not raise his *Booker* claims below, therefore we review only for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005). We have stated that there are two types of *Booker* error: (1) Sixth Amendment, or

10

constitutional, error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *Shelton*, 400 F.3d at 1329-30.

A. Constitutional *Booker* Error

In *Booker*, the Supreme Court extended it holding in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) to the Federal Sentencing Guidelines. The Supreme Court "left undisturbed its holding in [*Almendarez-Torres v. United States*, 523 U.S. 224, 227, 118 S. Ct. 1219, 1233 (1998)], that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005) (emphasis in original). Moreover, the Court reaffirmed *Apprendi*'s holding that "[a]ny fact (*other than a prior conviction*), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. (emphasis in original).

Cannon contends that the district court plainly erred in sentencing him because it "rigidly followed the guidelines in violation of the Sixth Amendment . . . ." However, in applying plain error review, we find that Cannon has failed to

show any error, much less, plain error, on the part of the district court. Cannon's sentence was not enhanced based on facts found by the district court or the sentencing guidelines, but his sentence was mandated by statute in light of facts found by the jury in addition to his prior criminal convictions. First, the jury found that Cannon's offense involved at least five kilograms of cocaine. Second, although Cannon did not admit his prior convictions, the district court did not violate the Sixth Amendment by using these prior convictions in sentencing Cannon pursuant to § 841(b)(1)(A). So long as *Almendarez-Torres* remains good law, prior convictions do not have to be proven beyond a reasonable doubt. *Id*. at 962. Given Cannon's criminal history as well as the jury's finding that his offense involved at least five kilograms of cocaine, § 841(b)(1)(A) provides a mandatory minimum sentence of life imprisonment. Thus, the district court did not plainly err because it properly applied the sentence mandated by § 841(b)(1)(A).

B. Statutory *Booker* Error

Even in the absence of constitutional *Booker* error, the district court commits statutory *Booker* error where it imposes a sentence under a mandatory guidelines system. *Shelton*, 400 F.3d at 1331.

Here, the district court plainly erred in sentencing Cannon under the mandatory guidelines scheme. However, Cannon has failed to demonstrate that

12

the district court's error affected his substantial rights. Because Cannon was sentenced to the mandatory minimum as provided by statute, there is no "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Rodriguez*, 398 F.3d at 1301. Thus, Cannon has failed to fulfill his burden under the plain error test. Accordingly, Cannon's *Booker* challenges, both constitutional and statutory, fail.

For the foregoing reasons, we deny Cannon's request for a new trial and affirm Cannon's conviction and sentence.

DENIED in part, AFFIRMED in part.