[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2005
THOMAS K. KAHN
CLERK

No. 05-10780
Non-Argument Calendar

_____

D. C. Docket No. 04-00178-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN JUAN SANCHEZ ROSALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 23, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Marvin Juan Sanchez Rosales appeals his 41-month sentence for illegally

reentering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a)-(b). The district court enhanced Rosales' sentence based upon his previous deportation for a crime of violence. Rosales now appeals this sentence.

Because Rosales failed to object to his sentence, we review this issue for plain error. *United States v. Orduno-Mireles*, 405 F.3d 960, 961 (11th Cir. 2005), *petition for cert. filed*, (No. 05-5141, July 1, 2005).

Rosales argues that the sentencing enhancements for prior convictions as authorized by 8 U.S.C. §§ 1326(b)(1)-(2) are unconstitutional because the Supreme Court, in *Shepard v. United States*, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), recently questioned its previous holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In *Almendarez-Torres*, 523 U.S. at 226-27, the Supreme Court held that 8 U.S.C. § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." Rosales contends that in light of *Shepard*, the holding of *Almendarez-Torres* is no longer good law, and the use of the fact of a prior conviction must now be alleged in the indictment and proven to the jury beyond a reasonable doubt or admitted by the defendant as part of a plea

2

agreement. Rosales concedes, however, that we have rejected this argument post-*Shepard*.

In *Shepard*, a plurality of the Supreme Court explained that, while a dispute over whether a burglary was a violent felony for purposes of the Armed Career Criminal Act could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones*[ *v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and *Apprendi*[ *v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.E.2d 435 (2000)], to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." *Shepard*, 125 S.Ct. at 1262.

In *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam), we noted that although *Shepard* "may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*." Indeed, in considering a challenge to an enhancement pursuant to 8 U.S.C. § 1326, we held that "*Almendarez-Torres* remains the law until the Supreme Court determines that *Almendarez-Torres* is not controlling precedent." *Orduno-Mireles*, 405 F.3d at 963.

Because the Supreme Court has not overruled *Almendarez-Torres*, it

3

controls the outcome of the case. Accordingly, the district court did not plainly err in enhancing Rosales' sentence under 8 U.S.C. § 1326(b). Therefore, we affirm.

**AFFIRMED.**