[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12573
Non-Argument Calendar

_____

D. C. Docket No. 05-00013-CR-J-12HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ANTHONY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 14, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Wayne Anthony Joseph appeals his sentence for illegal reentry after

deportation. 8 U.S.C. § 1326. The penalty for illegal reentry after deportation is two years of imprisonment. Because Joseph was previously convicted of an aggravated felony, he was sentenced to 57 months of imprisonment under section 1326(b)(2).

Joseph argues that his sentence is unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny. Joseph concedes that under Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, a previous conviction is a sentencing factor that need not be pleaded in the indictment but argues that Almendarez-Torres has been repudiated by a majority of the Supreme Court Justices and should not be followed. "We have held that Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir.), cert. denied 126 S. Ct. 223 (2005) (internal quotation marks and citation omitted). The sentence is

**AFFIRMED.**