[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2006
THOMAS K. KAHN
CLERK

No. 05-13044
Non-Argument Calendar
_____

D. C. Docket No. 04-00040-CR-OC-1OGRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LOPEZ-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 3, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jorge Lopez-Cruz appeals his convictions for: (1) distributing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) two counts of possessing heroin as an inmate in a federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(1), and (d)(1)(C); and (3) providing heroin to an inmate in a federal prison, in violation of 18 U.S.C. § 1791(a)(1), (b)(1), and (d)(1)(C). Lopez-Cruz asserts because he was a mere drug user who was induced to sell drugs to Eric Jones as a means of assisting Perez Ruiz, a fellow gang member, pay off his gambling debt to Jones, he was entrapped as a matter of law. He further contends the Government's conduct in allowing Jones to conduct an illegal bookmaking operation, so that Jones could use his power and influence to set up a small drug transaction with a junkie, was outrageous, as it did not enforce drug trafficking laws and encouraged illegal gambling. We conclude these arguments are without merit, and affirm Lopez-Cruz's convictions.

## I. DISCUSSION

A. *Entrapment*

"When a jury rejects an entrapment defense, our review is limited to determining whether the government presented sufficient evidence for a reasonable jury to conclude that the defendant was predisposed to take part in the crime." *United States v. Francis*, 131 F.3d 1452, 1456 (11th Cir. 1997). Although our

2

review is de novo, we will "view all evidence and make all inferences in favor of the government," and "cannot overturn the jury's verdict if any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt." *Id.* "Predisposition is a fact intensive inquiry into the defendant's readiness and willingness to engage in the crime absent any contact with the government's officers or agents. The government may not implant in an innocent person's mind the disposition to commit a crime, and then induce the person to commit the crime so it may prosecute." *Id.* (internal citation omitted).

Viewing the evidence in the light most favorable to the Government, the evidence was sufficient for a reasonable jury to find Lopez-Cruz's action of engaging in the drug sale was voluntary and willing. Although Lopez-Cruz asserts he was merely a drug addict, the evidence shows: (1) while he was housed at Coleman, Lopez-Cruz sold marijuana to Richard Darnell Helms 10 to 15 times; (2) after Jones put out the word he was interested in investing in drugs, Lopez-Cruz voluntarily approached Jones about making a deal; and (3) when Lopez-Cruz heard Jones wanted to buy some heroin, Lopez-Cruz obtained it from "his people" without hesitation. The record is devoid of any evidence that Lopez-Cruz was unwilling to make the drug sale, and, contrary to Lopez-Cruz's argument, there is no evidence Lopez-Cruz was forced to deal heroin because Perez owed Jones a

3

gambling debt. Accordingly, sufficient evidence supported the jury's rejection of Lopez-Cruz's entrapment defense.

B. *Outrageous Governmental Conduct*

Because Lopez-Cruz failed to raise below his due process argument that the Government's conduct was outrageous, we review the issue for plain error. *See United States v. Kelly*, 888 F.2d 732, 739 n.12 (11th Cir. 1989) (noting that, where a defendant failed to raise a claim of outrageous governmental conduct at trial, we would review the issue for plain error). "We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Orduno-Mireles*, 405 F.3d 960, 961 (11th Cir.), *cert. denied*, 126 S. Ct. 223 (2005).

"A conviction may be overturned when the government is involved in the criminal activity only when the government's involvement violates fundamental fairness and shocks the universal cause of justice." *United States v. Chastain*, 198 F.3d 1338, 1352 (11th Cir. 1999) (quotations and citation omitted). "Whether outrageous governmental conduct exists turns upon the totality of the circumstances with no single factor controlling and the defense can only be

4

invoked in the rarest and most outrageous circumstances." *United States v. Haimowitz*, 725 F.2d 1561, 1577 (11th Cir. 1984) (quotations and citation omitted). Where the government is investigating offenses involving illegal drugs, it often must engage in undercover operations because it is very difficult to discover the contraband. This activity by the government does not generally constitute outrageous conduct. *United States v. Savage*, 701 F.2d 867, 868-70 (11th Cir. 1983).

Because the Government was permitted to engage in strategic undercover operations in order to discover illegal drugs, its use of a cooperating inmate, who was allowed to continue his bookmaking operations in order to maintain his connections to the prison's drug traffickers, was not outrageous in light of the totality of the circumstances. The district court did not plainly err by not, *sua sponte*, dismissing the indictment.

## II. CONCLUSION

The evidence was sufficient for a reasonable jury to reject the entrapment defense. Additionally, the Government's conduct was not outrageous. Thus, we affirm Lopez-Cruz's convictions.

**AFFIRMED.**

5