[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10979
Non-Argument Calendar

_____

D. C. Docket No. 04-00170-CR-CO-J

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK D. FINCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 12, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Mark D. Finch pled guilty to various counts of a multi-count indictment

charging him with offenses involving child pornography and the sexual exploitation of children. Although his plea was entered without the benefit of a written plea agreement, the government agreed to dismiss one count charging him with advertising the production of child pornography[1], but indicated that it would seek an upward departure from the guidelines based on facts related to the dismissed count. A Pre-Sentence Investigation Report was prepared and the case proceeded to a sentencing hearing. After calculating Finch's guideline range, the district court found that Finch's criminal history category under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes. Pursuant to United States Sentencing Guidelines §4A1.3(a)(1), the court imposed an upward departure based on Finch's possession of 1,500 images of child pornography and his advertisement of his own children, ages 14 and 11, for sexual exploitation on the Internet. Finch now appeals from his 360-month sentence on two grounds.

First, Finch argues that the district court failed to consider adequately all of the 8 U.S.C. §3553(a) factors in sentencing him, an issue we review for plain error because there was no contemporaneous objection at the sentencing hearing. "We will correct plain error only where (1) there is an error; (2) the error is plain or

_____

[1] 18 U.S.C. §2251(c)(1)(A).

otherwise; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Orduno-Mireles*, 405 F.3d 960, 961 (11th Cir.), *cert. denied*, 126 S. Ct. 223, 163 L. Ed.2d 191 (2005). Our review of the record reflects that the district court specifically took note of the severity of Finch's conduct and its effect on the victims, found that a sentence at the upper end of the guideline range was appropriate in light of the §3553(a) factors, and expressly mentioned several of those factors during the sentencing hearing. Therefore, we find no error, plain or otherwise. Nor do we find merit to Finch's contention that the district court treated the guidelines as mandatory, as it expressly acknowledged that the guidelines were advisory and found that Finch's sentence within the guidelines range was appropriate.

Finch next contends that the district court violated Fed. R. Crim. P. 32(h) by failing to notify him prior to sentencing that it was contemplating an upward departure. However, our review of the record reflects that Finch was advised at his Rule 11 plea colloquy that the government intended to seek an upward departure from the guidelines. To the extent that Finch contends that his upward departure was imposed on a basis not identified at the Rule 11 plea hearing, we again apply a plain error standard of review because Finch failed to lodge an objection to the

sufficiency of the notice he received. Any error in the district court's failure to timely notify Finch of the potential enhancement based on other conduct is not plain because such error did not affect Finch's substantial rights. Finch admitted the accuracy of the facts underlying the upward departure when he agreed with the factual basis proffered during the plea hearing, and he expressly admitted to those facts when questioned during the sentencing hearing.

Finding no merit to either of the issues presented in this appeal, we affirm.

**AFFIRMED.**