[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2006
THOMAS K. KAHN
CLERK

No. 05-14584
Non-Argument Calendar

_____

D. C. Docket No. 04-00035-CR-J-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON GIVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 27, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Clinton Givens appeals his 151 month sentence imposed after he pleaded

guilty to conspiracy to distribute a counterfeit substance alleged to be crack cocaine in violation of 21 U.S.C. §§ 841(a)(2), 846.  We affirm.

## I.

Givens first argues that the district court erred by classifying him as a career offender under United States Sentencing Guidelines § 4B1.1 (Nov. 1, 2004) without requiring the government to allege his prior convictions and prove them to a jury beyond a reasonable doubt.  He urges us to disregard Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), and to apply instead the principles of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), to find that the sentencing enhancement was unconstitutional.

We have rejected this argument several times.  See, e.g., United States v. Marseille, 377 F.3d 1249, 1257 & n.14 (11th Cir. 2004), cert. denied, 543 U.S. 1013, 125 S. Ct. 637 (2004); United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001), cert. denied, 533 U.S. 960, 121 S. Ct. 2616 (2001); United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000).  We have done so even after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  See United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006); United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 223 (2005).

Accordingly, because Givens' sentence was not above the twenty-year statutory maximum available, see 21 U.S.C. § 841(b)(1)(C), and because the prior conviction exception is still good law, the district court did not err in using his prior convictions to enhance his sentence under the advisory sentencing guidelines.

## II.

Although Givens acknowledges that hearsay is admissible to support a sentence enhancement, see, e.g., United States v. Baker, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005), cert. denied, __ U.S. __, __ S. Ct. __ (2006), United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005), United States v. Castellanos, 904 F.2d 1490, 1495–96 (11th Cir. 1990), he contends that the district court erred in allowing the government to use testimonial hearsay to prove the existence of his prior convictions without determining that the hearsay was reliable. See U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). Givens also argues that the district erred in relying on testimonial hearsay to establish that he was the same person named in the prior judgments and convictions. "A challenge to the application of the sentencing guideline is a mixed

question of law and fact." United States v. Anderson, 326 F.3d 1319, 1326 (11th Cir. 2003). "This Court reviews the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo." Id.

Neither of Givens' contentions has merit. The government produced certified copies of Givens' three prior convictions for cocaine-related offenses committed by Givens in 1993, 1994, and 1998. See United States v. Wilson, 183 F.3d 1291, 1301 (11th Cir. 1999) (stating that the best approach to proving a prior conviction is a certified copy of the conviction). The judgment in each of those cases clearly indicates the nature of the offense as involving the sale or possession of cocaine. Also, Baker County Sheriff's Deputy Randy Crews testified at the sentencing hearing that he was familiar with Givens, that he had learned of Givens' arrest for the 1993 offense through his work, and that he had arrested Givens for the 1998 offense. There is no indication that Crews' testimony establishing Givens as the same person involved in the prior offenses was unreliable. Moreover, the district court correctly gave Givens "the opportunity to rebut the evidence or generally to cast doubt upon its reliability." See Castellanos, 904 F.2d at 1496. Accordingly, the district court did not clearly err in finding that the evidence established by a preponderance that Givens qualified as a career offender under the sentencing guidelines. See United States v. Gay, 251 F.3d 950, 953 (11th Cir.

4

2001) ("[T]he government must demonstrate all three elements [of U.S.S.G. § 4B1.1] by a preponderance of the evidence.").

Finally, we note Givens' contention that Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), prohibits a sentencing court from considering hearsay to establish the fact of a prior conviction or the identity of the person convicted. In Shepard, the Supreme Court clarified the permissible scope of judicial fact-finding by a court sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Id. at __, 125 S. Ct. at 1257–63. Even assuming Shepard applies in this guidelines context, that decision allows a sentencing court to find the necessary facts about a prior conviction from "conclusive records made or used in adjudicating guilt" in the prior cases, id. at __, 125 S. Ct. at 1260, such as the charging instrument, the plea agreement, any plea colloquy, and other "comparable judicial record," id. at __, 125 S. Ct. at 1263. Here, the necessary facts about Givens' prior convictions were found by the district court from the formal judgments of conviction in each of those cases.

**AFFIRMED.**