[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15621
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00049-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAIJUAN DESHUN LUCAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 2, 2006)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Taijuan Lucas appeals his 210-month sentence, which was imposed after he pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On appeal, Lucas argues that the district court erred by

enhancing his sentence, pursuant to the Armed Career Criminal Act ("ACCA"), based on the court's finding that he had three qualifying prior convictions under 18 U.S.C. § 924(e). Lucas asserts that, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), his predicate prior convictions must be admitted by him or proven to a jury beyond a reasonable doubt. Lucas acknowledges that the Supreme Court has not overruled Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998), in which the Court held that the government need not allege in the indictment or prove beyond a reasonable doubt a defendant's prior convictions for purposes of enhancing a sentence based on those convictions. Lucas also concedes that we lack the authority to overrule the Almendarez-Torres decision, but states that he raises the issue to preserve it for review in the Supreme Court. Pursuant to Almendarez-Torres and our controlling caselaw, we affirm.

In Almendarez-Torres, the Supreme Court held that the government is not required to allege in its indictment, nor must it prove beyond a reasonable doubt, that a defendant had prior convictions in order for a district court to properly use those convictions to enhance a sentence. Id. The Court went on to hold that "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." Id. at 226-272. We have held that Almendarez-Torres "was left undisturbed by Apprendi [v. New

2

Jersey, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000)], Blakely[v. Washington], 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004)], and [United States v.] Booker[, 543 U.S. 220, 243-44, 125 S. Ct. 738, 755-756, 160 L. Ed. 2d 621 (2005)]." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). "Put another way, because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.), cert. denied,--- U.S. ----, 126 S. Ct. 223 (2005); see also United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006) ("In sum, under the Supreme Court's recent precedents neither the Fifth Amendment nor the Sixth Amendment prevented the district court from finding the fact of [the defendant's] prior convictions, or using them to designate him a . . . career offender.").

Given this state of the law, the district court did not err by enhancing Lucas's sentence based on prior convictions not alleged in the indictment.

**AFFIRMED.**

3