[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12799
Non-Argument Calendar

_____

D. C. Docket No. 04-80159-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ROBINSON PINKNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 30, 2006)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Steven Robinson Pinkney appeals his 180-month sentence for possession of

a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pinkney argues that his mandatory minimum sentence as an armed career criminal violated his Sixth Amendment rights because the prior convictions underlying his armed career criminal classification were neither alleged in the indictment nor admitted by Pinkney.

Because Pinkney objected to the enhancement of his sentence in the district court, we review the sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Under 18 U.S.C. § 924(e), a § 922(g) offender who has three prior convictions for a violent felony or serious drug offense is subject to a mandatory 15-year minimum sentence. In Almendarez-Torres v. United States, the Supreme Court held that a prior conviction is not a fact which must be admitted by a defendant or found by a jury beyond a reasonable doubt. 523 U.S. 224, 258, 118 S.Ct. 1219, 1238, 140 L.Ed.2d 350 (1998). In addition, the Supreme Court held that an earlier conviction, which merely authorizes a court to increase a sentence for recidivism, is not required to be alleged in the indictment. Almendarez-Torres, 523 U.S. at 226, 118 S.Ct. 1222. In its subsequent seminal decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the

2

Supreme Court reaffirmed the holding in <u>Almendarez-Torres</u>. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1329 (11th Cir. 2005). In <u>Apprendi,</u> the Court held that "<u>[o]ther than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct. at 2362-63 (emphasis added). The Court revisited <u>Apprendi</u> in <u>Blakely</u>, clarifying "that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>[;]" it did not disturb <u>Apprendi's</u> exception for prior convictions. <u>Blakely</u>, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis added). Subsequently, in <u>Booker</u>, the Court held that <u>Blakely</u> applied to the Federal Sentencing Guidelines and reaffirmed its holding in <u>Apprendi</u>. 543 U.S. at 243-44, 125 S.Ct. at 755-56.

Shortly after handing down its decision in <u>Booker</u>, the Supreme Court decided <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In <u>Shepard</u>, the Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a violent felony for purposes of the Armed Career Criminal Act ("ACCA") where the statutory definition of burglary includes both violent and

3

non-violent conduct. Shepard, 544 U.S. at 26, 125 S.Ct. at 1263. A plurality of the Court explained that, while a dispute over whether a burglary was a violent felony, for purpose of the ACCA, could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Shepard, 544 U.S. at 25, 125 S.Ct. at 1262.

Since Shepard, we have consistently held that Almendarez-Torres remains good law "until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir.), cert. denied, 126 S.Ct. 233 (2005). See also United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005)("Although recent decisions, including Shepard . . . , may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres.")(citations omitted). Further, this Court has held that, for ACCA purposes, district courts may determine both the existence of a conviction and the nature of a conviction, to the extent it appears in

4

the "statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006). Therefore, "Shepard does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the sources or evidence that a judge (instead of a jury) can consider in making that finding." Id.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Until the Supreme Court specifically overrules Almendarez-Torres, it remains binding precedent. According to Almendarez-Torres, prior convictions are not facts which must be admitted by a defendant, alleged in the indictment, or found by a jury beyond a reasonable doubt. We have previously held that district courts may determine both the fact and nature of prior convictions for ACCA purposes. Therefore, the district court did not err by enhancing Pinkney's sentence based on his prior convictions that were neither alleged in the indictment nor admitted by Pinkney.

**AFFIRMED**

5