[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14245
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00330-TWT-JFK-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JOSE ANTONIO SANTOS,
a.k.a. Luis Antonio Alomar Olivera,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 23, 2013)

Before CARNES, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Antonio Santos appeals his 57-month sentence, imposed after he pleaded guilty to one count of illegal reentry by an alien in violation of 8 U.S.C. § 1326(a), (b)(1), one count of falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911, and one count of false use of a passport in violation of 18 U.S.C. § 1542. Santos contends that the district court erred in applying a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on the finding that he had previously been deported after having been convicted of a crime of violence. He argues that § 2L1.2(b)(1)(A)(ii) does not apply because his prior conviction for criminal sexual conduct was vacated and expunged before he was convicted and sentenced for his current offenses.

We review <u>de novo</u> the district court's interpretation of the sentencing guidelines and its application of the guidelines to the facts. <u>United States v. Barrington</u>, 648 F.3d 1178, 1194–95 (11th Cir. 2011). Section 2L1.2(b)(1)(A) provides that, when sentencing a defendant who "previously was deported, or unlawfully remained in the United States after a conviction for a felony that is . . . a crime of violence," the district court should "increase [his offense level] by 12 levels if the [prior] conviction does not receive criminal history points." U.S.S.G. § 2L1.2(b)(1)(A). The plain language of that enhancement requires the court to consider whether the defendant had a prior conviction for a crime of violence at the

2

time of his earlier deportation, regardless of what happened after that deportation. See United States v. Orduno-Mireles, 405 F.3d 960, 962 n.1 (11th Cir.2005).

In Orduno-Mireles we rejected the defendant's argument that because "he successfully got [a prior felony crime of violence] conviction vacated after illegally returning to the United States, the offense should not count for purposes of the § 2L1.2(b)(1)(A) enhancement." Id. The defendant in that case had been convicted of two crimes of violence and then had been deported. Id. at 961. After illegally reentering the United States, he got one of his prior convictions vacated. Id. at 962 n.1. After that, he was convicted of illegal reentry, and the district court applied the § 2L1.2(b)(1)(A) enhancement. Id. We concluded that because the defendant had at one point been deported after a felony conviction for a crime of violence, the enhancement was properly applied even though that conviction was later vacated. Id.

Santos was convicted of a crime of violence in 1992. He was deported in 1998, returned to the United States illegally, and was deported again in 2002, but then returned illegally yet again. In 2006 he was convicted of illegal reentry to the United States. In 2008 he got his 1992 conviction vacated and expunged. He was deported for a third time in 2009, and was arrested at the Atlanta airport in 2010 when he tried to reenter the United States illegally. He was convicted and sentenced for his current offenses in 2011. Because Santos had twice been

3

deported (in 1998 and 2002) after having been convicted of a felony crime of violence, and the felony crime of violence conviction did not contribute any points to his criminal history category calculation, the district court properly applied a 12-level enhancement under § 2L1.2(b)(1)(A)(ii).

**AFFIRMED.**