[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10400
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80142-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ORLANDO CHAMPAGNIE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Orlando Champagnie appeals his 24-month sentence, imposed below the applicable guideline range, after pleading guilty to one count of illegal entry of a deported alien, in violation of 8 U.S.C. § 1326(a). On appeal, Champagnie argues that the district court lacked the authority to apply a 12-level increase to his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based upon a prior conviction that was neither charged in the indictment nor proven to a jury beyond a reasonable doubt.

"We review constitutional sentencing issues de novo." *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008) (per curiam). We also "review questions of law with respect to the district court's application of the Sentencing Guidelines de novo." *United States v. Garza-Mendez*, 735 F.3d 1284, 1287 (11th Cir. 2013) (internal quotation marks omitted).

The Supreme Court held, in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), that the government need not prove beyond a reasonable doubt that a defendant had prior convictions nor allege those prior convictions in its indictment in order to use those convictions to enhance a defendant's statutory maximum sentence. *Id.* at 226–27, 118 S. Ct. at 1222. We have recognized that we are "bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).

2

We have affirmed a guideline range enhancement under § 2L1.2(b)(1)(A), which differs from § 2L1.2(b)(1)(B), only in the number of levels of the enhancement, against a similar challenge to the use of a prior conviction not charged in the indictment and proved to a jury, noting that *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 (2004), left *Almendarez-Torres* undisturbed.  *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005).

As Champagnie concedes, binding precedent forecloses his argument that the district court erred by enhancing his advisory guideline range based on a prior conviction not charged in the indictment or proven to a jury beyond a reasonable doubt.

Accordingly, upon review of the record and careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**