[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10738
Non-Argument Calendar
_____

D. C. Docket No. 0:14-cr-60303-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MARTIN FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Francisco Martin Flores appeals his sentence of 41 months of imprisonment following his plea of guilty to reentering the United States illegally after deportation. 8 U.S.C. § 1326(a), (b)(2). Flores challenges the 16-level enhancement of his sentence based on his prior conviction for the attempted murder of a law enforcement officer. United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (Nov. 2014). We affirm.

Flores acknowledges that our decision in *United States v. Orduno-Mireles*, 405 F.3d 960 (11th Cir. 2005), forecloses his argument that his prior conviction cannot be used to enhance his sentence because it was not alleged in his indictment, U.S. Const. Amend. V, or proved to a jury beyond a reasonable doubt, U.S. Const. Amend. VI. In *Orduno-Mireles* we held, based on *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), "that recidivism under section 2L1.2(b)(2) is not a separate element of an offense that the government is required to prove beyond a reasonable doubt" or to allege in an indictment. 405 F.3d at 962. And we are bound by *Almendarez-Torres* unless and until it is overruled by the Supreme Court. *Id.* at 963; *see also United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014).

We **AFFIRM** Flores's sentence.

2