[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2006
THOMAS K. KAHN
CLERK

No. 05-13126
Non-Argument Calendar

_____

D. C. Docket No. 04-60260-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLAS ETIENNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 15, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nicolas Etienne appeals his sentence imposed for unlawful re-entry into the United States by a previously-deported alien, in violation of 8 U.S.C. § 1326. Etienne asserts because the judge made a finding that he had committed an aggravated felony, which he contends is a fact about a prior conviction that enhanced his sentence, his enhanced sentence violates the Fifth and Sixth Amendments. Etienne contends the exception carved out in *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998), which allows prior convictions to increase a sentence without being charged in the indictment, has been called into doubt by *Shepard v. United States*, 125 S. Ct. 1254 (2005). We conclude the district court did not err in imposing the enhanced sentence, and affirm.

Because Etienne objected to the sentencing enhancement being applied without the prior convictions having been alleged in the indictment, he has preserved his constitutional challenge. We review such issues de novo. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

Under § 1326(a), any alien who has been deported and subsequently reenters the United States without permission is subject to a maximum two-year sentence. 8 U.S.C. § 1326(a). Under the next subsection, the maximum sentence increases:

> (b). . . Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . . (2) whose removal was subsequent to a conviction for commission of an aggravated felony,

2

such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

8 U.S.C. § 1326(b)(2). An aggravated felony is described in 8 U.S.C. § 1101(a)(43), and specifically names "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(b)

In *Almendarez-Torres*, the Supreme Court specifically addressed whether § 1326(b) "defines a separate crime or simply authorizes an enhanced penalty . . . [and concluded] that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Almendarez-Torres*, 118 S. Ct. at 1222. It went on to hold that "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.*

In *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000), the Supreme Court declined to revisit *Almendarez-Torres* and held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court later revisited the rule set forth in *Apprendi*, clarifying "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in

3

the jury verdict or admitted by the defendant." *Blakely v. Washington,* 124 S. Ct. 2531, 2537 (2004) (emphasis omitted). In *United States v. Booker*, 125 S. Ct. 738, 755-756 (2005), the Court extended its holding in *Blakely* to the Sentencing Guidelines, concluding the Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent they permit a judge, under a mandatory system, to increase a defendant's sentence based on facts that were neither found by a jury nor admitted by the defendant. The Court also explicitly reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

We have stated the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). "Put another way, because the prior-conviction exception remains undisturbed after *Booker*, a district court does not err by relying on prior convictions to enhance a defendant's sentence." *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir.), *cert. denied*, 126 S. Ct. 223 (2005).

In *Shepard*, the Court limited the scope of judicial fact finding for a sentencing enhancement based on a prior conviction. 125 S. Ct. at 1263. The

4

Court instructed that in determining the nature of a prior conviction under the Armed Career Criminal Act, the district judge may not look beyond the charging documents, any plea agreement and colloquy, or comparable judicial record. *Id.* We have noted that, while recent decisions, specifically including *Shepard*, may arguably cast doubt on the future prospects of *Almendarez-Torres*, the Supreme Court has not explicitly overruled *Almendarez-Torres*, and, as a result, we continue to follow *Almendarez-Torres*. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005).

The district court did not err in enhancing Etienne's sentence based on his prior conviction for possession of cocaine with intent to sell. *Almendarez-Torres* carved out an exception for recidivism to the rule the government must plead and prove facts used to enhance convictions, and we have upheld the continuing validity of *Almendarez-Torres*. Additionally, there is no *Shepard* problem because the district judge based the finding of Etienne's prior conviction for possession of cocaine with intent to sell on his plea of guilty and admission of underlying facts in the crime. Thus, the district court did not err, and we affirm Etienne's sentence.

**AFFIRMED.**