[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14438
Non-Argument Calendar

_____

D. C. Docket No. 05-60066-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

URBANO VELASCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 19, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Urbano Velasco appeals his 37-month sentence, imposed for unlawful re-

entry after deportation, alleging that the district court's enhancement of the sentence above the two-year statutory maximum for unlawful reentry, based upon his prior conviction for possession of cocaine with intent to distribute, is unconstitutional. On appeal, Velasco argues that, following its decision in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), a majority of the Supreme Court now would decline to reaffirm Alemendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Supreme Court held that a prior conviction is not a fact which must be admitted by defendant or found by a jury beyond a reasonable doubt.

Because Velasco preserved the issue below, we review de novo the constitutional challenge to his sentence. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

The maximum statutory sentence for unlawful re-entry is 2 years. 8 U.S.C. § 1326(a). However, where a defendant was deported subsequent to a conviction for an aggravated felony, the statutory maximum is 20 years. 8 U.S.C. § 1326(b)(2). A drug trafficking crime is considered an "aggravated felony" for purposes of § 1326(b)(2). See 8 U.S.C. § 1101(a)(43)(B).

In Almendarez-Torres, the Supreme Court held that a prior conviction is not a fact which must be admitted by a defendant or found by a jury beyond a

2

reasonable doubt. 523 U.S. at 230, 118 S.Ct. at 1219. In its subsequent decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as well as Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed2d 621 (2005), the Supreme Court reaffirmed the holding in Almendarez-Torres. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63 (emphasis added). The Court revisited Apprendi in Blakely v. Washington, clarifying "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant[;]" it did not disturb Apprendi's exception for prior convictions. Blakely v. Washington, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original). Subsequently, in Booker, the Court held that Blakely applied to the Federal Sentencing Guidelines and reaffirmed its holding in Apprendi. 543 U.S. at 243-44, 125 S.Ct. at 755-56.

Shortly after handing down its decision in Booker, the Supreme Court decided Shepard, upon which Velasco mounts his argument. In Shepard, the

3

Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a violent felony for purposes of the Armed Career Criminal Act ("ACCA") where the statutory definition of burglary includes both violent and non-violent conduct. Shepard, 544 U.S. at __, 125 S.Ct. at 1257. A plurality of the Court explained that, while a dispute over whether a burglary was a violent felony for purpose of the ACCA could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Id. at ___, 125 S.Ct. at 1262.

Since Shepard, we have consistently held that Almendarez-Torres remains good law "until the Supreme Court determines that Almendarez-Torres is not controlling precedent." United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir.), cert. denied, 126 S.Ct. 233 (2005). See also United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005)("Although recent decisions, including Shepard . . . , may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres.

4

As a result, we must follow Almendarez-Torres.")(citations omitted); United States v. Cantellano, 430 F.3d at 1142, 1147 (11th Cir. 2005)("The fact of a prior conviction clearly may be found by the district court."); Shelton, 400 F.3d at 1329 ("[A] district court does not err by relying on prior convictions to enhance a defendant's sentence.").

Furthermore, the district court here, unlike in Shepard, did not resolve any undisputed facts. Velasco conceded at both the plea colloquy and the sentencing hearing that he had a prior conviction for possession of cocaine with intent to distribute. Moreover, at the plea colloquy, he stated that he understood he faced a maximum penalty of 20 years' imprisonment. Thus, the district court made no findings of the sort about which the plurality warned in Shepard. See Shepard, 544 U.S. at ___, 125 S.Ct. at 1262.

Upon review of the presentence investigation report, the sentencing transcript, and the parties' briefs, we find no error.

**AFFIRMED.**