[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14770
Non-Argument Calendar
_____

D. C. Docket No. 06-00149-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO ADOLFO ORTIZ-WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 4, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Gustavo Adolfo Ortiz-Williams appeals his conviction and sentence for re-entering the country after being previously convicted of an aggravated felony and deported, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). He argues that § 1326 is

facially unconstitutional because it allows judicial fact-finding into the nature and quantity of prior convictions -- facts not charged in the indictment, admitted by the defendant, or found beyond a reasonable doubt by the fact-finder -- to support a higher statutory maximum punishment. He also asserts that § 1326 violates the Double Jeopardy Clause because the increased statutory maximum results in multiple punishments for the same offense (his prior aggravated felony). Ortiz-Williams preserved his constitutional claims below. Accordingly, we engage in a de novo review of those claims. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). After careful review, we affirm.

The Immigration and Nationality Act, as codified, in pertinent part, at 8 U.S.C. § 1326, delineates criminal penalties for an alien who, after being removed, re-enters the United States without receiving the prior approval of the Attorney General or his successor, the Secretary of the Department of Homeland Security. If such an alien was removed subsequent to conviction for an aggravated felony, the statutory maximum term of imprisonment increases from two years to twenty years. 8 U.S.C. §§ 1326(a), 1326(b)(2).

First, Ortiz-Williams argues his Sixth Amendment rights were violated when the district court sentenced him above the unenhanced two-year statutory maximum based on facts not charged in the indictment or admitted by Ortiz-

2

Williams. Although he recognizes that the Supreme Court has explicitly approved such enhancements, he suggests that whether prior convictions should be treated as elements of an offense under recidivism statutes, such as § 1326(b)(2), remains a "significant question." We disagree.

The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998).[1] More recently, in United States v. Booker, 543 U.S. 220 (2005), the Court reiterated its holding in Almendarez-Torres: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added).

We have observed that the Almendarez-Torres decision "was left undisturbed by Apprendi, Blakely [v. Washington, 542 U.S. 296 (2004)], and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). And we have consistently rejected the argument that district courts err by basing a sentence

_____

[1]Notably, Almendarez-Torres involved a challenge to the exact penalty provision at issue in the instant case -- 8 U.S.C. § 1326(b)(2).

3

enhancement on a prior conviction that is neither proved beyond a reasonable doubt to a jury nor admitted by the defendant. See, e.g., United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006) (collecting cases); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S. Ct. 457 (2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S. Ct. 223 (2005). We reject Ortiz-Williams's invitation to revisit this issue yet again. Pursuant to Almendarez-Torres and our uniform line of cases applying it, the district court did not err in sentencing Ortiz-Williams based on his prior conviction for an aggravated felony.

We likewise are unpersuaded by Ortiz-Williams's double-jeopardy challenge to § 1326(b)(2). It is well-established that sentencing enhancements for prior criminal conduct do not constitute multiple punishment for the prior offenses, and the consideration of prior convictions in sentencing does not implicate or violate the Double Jeopardy Clause. United States v. Fuentes, 107 F.3d 1515, 1522 (11th Cir. 1997). In short, the district court's imposition of sentence did not implicate, or violate, the Double Jeopardy Clause.

**AFFIRMED.**