[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14595
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-80065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO AMADOR ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 30, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Antonio Amador Ortiz appeals his 70-month sentence, imposed after he pled guilty to illegally reentering the country after being previously deported, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). On appeal, Ortiz argues that his Fifth

and Sixth Amendment rights were violated when the district court imposed sentence based on his prior felony conviction for attempted lewd and lascivious molestation of a child less than 12, where the facts underlying the felony were neither alleged in the indictment nor admitted at the plea colloquy, contrary to United States v. Booker, 543 U.S. 220 (2005).[1] We affirm.

Because Ortiz asserted his Booker claim at sentencing, he raised a timely constitutional objection and is entitled to preserved error review. See United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). We review preserved constitutional errors de novo, but "will reverse only for harmful error." See United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2001) (en banc).

Section 1326(b)(2) of Title 8 of the United States Code provides for a maximum sentence of 20 years' imprisonment for illegal reentry if a defendant was deported subsequent to being convicted of an aggravated felony. On the other hand, a defendant who was not deported subsequent to being convicted of an aggravated felony, and who does not satisfy any of the other requirements

---

[1] To the extent Ortiz suggests the district court's imposition of sentence also violated Shepard v. United States, 544 U.S. 13 (205), we are unpersuaded. In Shepard, the district court had been asked to review police documents concerning the nature of the underlying offense. Here, by contrast, the district court did not look beyond the fact of Ortiz's prior conviction in enhancing his sentence under § 2L1.2(b)(1)(A). Accordingly, Shepard was not implicated. See United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.) (distinguishing Shepard and noting that the defendant did not contend and the record did not reveal that the district court had resolved disputed facts relating to the prior conviction supporting enhancement for prior crime of violence under § 2L1.2(b)(1)(A)), cert. denied, 126 S. Ct. 223 (2005).

2

justifying an enhanced penalty under § 1326(b), is subject to a maximum of two years' imprisonment, under 8 U.S.C. § 1326(a).

As Ortiz recognizes, the Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). Notably, Almendarez-Torres involved a challenge to the exact penalty provision at issue in the instant case -- 8 U.S.C. § 1326(b)(2). More recently, in United States v. Booker, 543 U.S. 220 (2005), the Court reiterated its holding in Almendarez-Torres: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added).

We have observed that the Almendarez-Torres decision "was left undisturbed by Apprendi, Blakely [v. Washington, 542 U.S. 296 (2004)], and Booker." United States v. Shelton, 400 F .3d 1325, 1329 (11th Cir. 2005). And we have consistently rejected the argument that a district court errs by basing a sentencing enhancement on a prior conviction that is neither proved beyond a

3

reasonable doubt to a jury nor admitted by the defendant.  See, e.g., United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006) (collecting cases); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S. Ct. 457 (2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S. Ct. 223 (2005).  We reject Ortiz's invitation to revisit this issue yet again.  Pursuant to Almendarez-Torres, and our uniform line of cases applying it, the district court did not err in sentencing Ortiz based on his prior conviction.

**AFFIRMED.**