[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11111
Non-Argument Calendar

_____

D. C. Docket No. 07-14068-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN LYMAN TIPPINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2008)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Glenn Lyman Tippins appeals his 151-month sentence as a career offender, pursuant to U.S.S.G. § 4B1.1(a), because his prior convictions on which his enhancement was based were neither alleged in the indictment, nor proven to a jury. Tippins argues that, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the enhancement of his sentence was a violation of his Fifth and Sixth Amendment rights.

We review de novo questions concerning the constitutionality of a sentence. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). The career offender provision, under which Tippins was sentenced, states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that a defendant's prior convictions used to enhance a sentence are not to be treated as an element of the offense for constitutional purposes, and as a result, the prior conviction is not required to be alleged in the indictment. Id., 523 U.S. at 226-27, 118 S. Ct. at 1222. We have

2

held that, "unless and until the Supreme Court specifically overrules Almendarez-Torres," we will continue to follow it. United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

We have noted that, while recent decisions may arguably cast doubt on the future prospects of Almendarez-Torres, the case is still controlling precedent as the Supreme Court has not explicitly overruled it. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam). As the Supreme Court has stated, its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." Hohn v. United States, 524 U.S. 236, 252-53, 188 S. Ct. 1969, 1978 (1998). We have held that the Supreme Court's decision in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker.[1]" United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Likewise, Jones v. United States, 526 U.S. 227, 249, 119 S. Ct. 1215, 1227 (1999) did not overrule Almendarez-Torres. See United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005) (stating that "[t]he reason for the exception for prior convictions is clear: 'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'") (quoting

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

3

Jones, 526 U.S. at 249, 119 S. Ct. at 1227).  We have noted that "because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence."  Orduno-Mireles, 405 F.3d at 962.

Upon review of the record and the parties' briefs, we discern no reversible error.  Because Supreme Court and our own precedent hold that prior convictions need not be charged in the indictment or proved to a jury, Tippins's argument to the contrary fails.

**AFFIRMED.**

4