[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2011
JOHN LEY
CLERK

No. 10-13377
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80126-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR GUITTEREZ-GONZALEZ,
a.k.a. Edgar Guitterez,
a.k.a. Edgar Gonzalez,
a.k.a. Fredy Maldonado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Edgar Guitterez-Gonzalez appeals his 77-month sentence, imposed after he pleaded guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Guitterez-Gonzalez argues that the court violated his Fifth and Sixth Amendment rights in calculating his recommended guidelines sentence by imposing a 16-level enhancement on the basis of prior convictions that were neither alleged in the indictment nor proved to a jury, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). He acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), and *United States v. Orduno-Mireles*, 405 F.3d 960 (11th Cir. 2005), but he asserts the issue to preserve it for possible review by the Supreme Court.

This Court reviews constitutional sentencing issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). We will reverse the district court only if it committed a harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

In *Almendarez-Torres*, the Supreme Court held the government need not allege prior convictions in its indictment, nor prove these convictions beyond a reasonable doubt, for a district court to use the convictions to enhance a sentence

2

by increasing the maximum available sentence as allowed under 8 U.S.C. § 1326(b)(2). 523 U.S. at 226-27, 118 S. Ct. at 1222. In *Apprendi,* the Supreme Court declined to revisit *Almendarez-Torres*, ruling that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489-490, 120 S. Ct. at 2362-63; *see also United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). This Court has explained that it remains bound by *Almendarez-Torres* unless the Supreme Court expressly overrules it. *United States v. Steed*, 548 F.3d 961, 979-80 (11th Cir. 2008); *United States v. Greer*, 440 F.3d 1267, 1273-76 (11th Cir. 2006); *United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

Upon review of the record and consideration of the parties' briefs, we affirm. Guitterez-Gonzalez's argument that the district court erred by enhancing his sentence based on convictions not alleged in the indictment nor found by a jury is foreclosed by *Almendarez-Torres*, which explained that a prior conviction need

3

not be alleged in the indictment nor proved to a jury even if the conviction serves as the basis for enhancing a sentence by increasing the maximum available term of imprisonment. *See Almendarez-Torres*, 523 U.S. at 226-27, 118 S. Ct. at 1222. Because Guitterez-Gonzalez challenges only the use of a prior conviction in calculating his guidelines range, and does not challenge the use of the conviction to increase his maximum possible sentence (as the petitioner in *Almendarez-Torres* did), the holding that the government need not allege the prior convictions nor prove them to a jury applies with even greater force here. Guitterez-Gonzalez misplaces his confidence in *Apprendi* and *Blakely*, which left *Almendarez-Torres* "undisturbed." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). The district court did not err by imposing the 16-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) based on Guitterez-Gonzalez's prior convictions.

**AFFIRMED.**